# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 05-3068

_____

Ty S. Mitchell; Kimberly S. Mitchell,    *
                                     *

              Appellants,         *

                                     *

Christopher Mauer; Mary Jo Mauer;  *
James L. Engstrom; Kathleen P.     *
Engstrom,                           *

                                  *  Appeal from the United States
           Plaintiffs,        *  District Court for the
                                  *  District of Minnesota.
      v.                    *

                                  *  [PUBLISHED]

                                  *

Beneficial Loan & Thrift Company,  *
a Minnesota corporation,         *

                                  *

              Appellee,          *

                                  *

Household Industrial Finance       *
Company,                       *

                                  *

              Defendant.        *

_____

Submitted: May 18, 2006
Filed: June 21, 2006

_____

Before MURPHY, BEAM, and BENTON, Circuit Judges

_____

PER CURIAM.

The district court[1] granted summary judgment to Beneficial Loan & Thrift Company. Ty S. Mitchell and Kimberly S. Mitchell appeal.

The Mitchells assert that Beneficial violated the Home Ownership and Equity Protection Act (HOEPA). HOEPA, as relevant here, requires creditors to make additional disclosures to borrowers if the total points and fees payable at closing exceed 8 percent of the total loan amount, or $400, whichever is greater. 15 U.S.C. §§ 1602(aa)(1)(B), 1639(a). The Mitchells argue that the $355 appraisal fee, $821 title insurance fee, $67 phone-bill charge, or $1,178 principal disbursement should be included in the total points and fees of their loan. If any one of these were included, the total points and fees would exceed 8 percent of the total loan amount, making the loan subject to HOEPA.

Appraisal and title insurance fees, if *bona fide* and reasonable, are excluded from HOEPA's definition of total points and fees. 15 U.S.C. § 1605(e) ; 12 C.F.R. § 226.4(c)(7). On appeal, the Mitchells claim that these fees are not *bona fide* and not reasonable because they violate the Real Estate Settlement Procedures Act (RESPA), 12 U.S.C. § 2607(b). The district court correctly found that these fees did not violate RESPA because they were paid to an unaffiliated third party for services actually performed, and, in any event, Beneficial derived no benefit from the payments. *See Haug v. Bank of America*, 317 F.3d 832, 836 (8ᵗʰ Cir. 2003). As for the telephone charge and principal disbursement, the statute does not include them in total points and fees. 15 U.S.C. § 1602(aa)(4). The Mitchells' loan did not need HOEPA disclosures.

After de novo review, *see Kerns v. Capital Graphics, Inc.*, 178 F.3d 1011, 1016 (8ᵗʰ Cir. 1999), this court affirms the district court's judgment.

_____

---

[1]The Honorable James M. Rosenbaum, Chief Judge, United States District Court for the District of Minnesota.

-2-